IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD A. KUMMER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 12-413 |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 30th day of September, 2013, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, granted, and the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, denied. The Commissioner's decision of April 15, 2010, will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed his pending applications for benefits on September 28, 2009, alleging a disability onset date of July 1, 2009, due to bladder cancer. Plaintiff's applications were denied initially. On January 7, 2010, plaintiff filed a waiver of his right to personal appearance before an ALJ indicating that he was not interested in appearing in person at a hearing "to make the process go faster." (R. 64). A "Request for Hearing by Administrative Law Judge Summary" dated January 8, 2010, notes that plaintiff understood that he had a right to representation and that his right to a personal appearance had been explained to him but that he wanted to have his case decided on the written evidence. (R. 65-66). On August 15, 2010, the ALJ issued a decision finding that plaintiff is not disabled. On January 27, 2012, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 47 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). He has at least a high school education and has past relevant work experience as a telemarketer, self-employed handyman and retail salesman, but he has not engaged in any substantial gainful activity since his alleged onset date.

AO 72
(Rev. 8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairment of papillary carcinoma of the bladder, status post bladder resection, and subsequent urothelial transitional cell carcinoma in situ with chronic cystitis, he does not have an impairment or combination of impairments that meets or medically equals the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform the full range of medium work. (R. 49). Based on this residual functional capacity, the ALJ found at step 4 that plaintiff is capable of performing his past relevant work.[1] Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

---

[1] Alternatively, the ALJ found that Medical-Vocational Rule 203.29 would direct a conclusion of "not disabled" at step 5 of the sequential evaluation process. The Medical-Vocational guidelines, or "grids," set forth various combinations of age, education, work experience and residual functional capacity and direct a finding of disabled or not disabled for each combination. See 20 C.F.R. Part 404, Subpart P, Appendix 2. When the four factors in a claimant's case correspond exactly with the four factors set forth in the grids, the ALJ must reach the result the grids reach. Sykes v. Apfel, 228 F.3d 259, 263 (3d Cir. 2000); 20 C.F.R. §§404.1569 and 416.969; 20 C.F.R., Part 404, Subpart P, Appendix 2, §200.00.

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[2] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises four challenges to the ALJ's determination: (1) that plaintiff did not effectively waive his right to counsel or to a hearing; (2) that the ALJ failed to develop fully the record; (3) that the ALJ's residual functional capacity finding is not supported by substantial evidence; and, (4) that the ALJ erroneously found that plaintiff can perform his past relevant work and, alternatively, that he is not disabled under the Grids. Because this court finds that the ALJ did not obtain a valid waiver of plaintiff's statutory right to counsel and also failed to adhere to his heightened duty to develop fully the record owed to plaintiff as an unrepresented claimant, this case will be remanded to the Commissioner for additional proceedings.

Plaintiff first contends that the ALJ failed to obtain a valid waiver of his right to counsel or to a hearing. While a claimant does not have a constitutional right to the assistance of counsel in social security proceedings, he does have a statutory and regulatory right to be represented at a hearing before the ALJ pursuant to 42 U.S.C. §406 and 42 C.F.R. §404.1705. Vivaritas v. Commissioner of Social Security, 264 Fed. Appx. 155, 157 (3d Cir.2008). A claimant also has a constitutional due process right to a hearing that is fundamentally fair. Mayes v. Social Security Administration, 190 Fed. Appx. 183, 186 (3d Cir. 2006).

---

[2] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920.

A claimant must be given notice of the right to counsel and can waive that right only by a knowing and intelligent waiver. Vivaritas, 264 Fed. Appx. at 157. Here, the record shows that plaintiff was informed of his right to representation on at least 3 occasions. First, the form waiver of right to personal appearance before an ALJ that plaintiff signed on January 7, 2010, and the "request for hearing summary" sent to plaintiff on January 8, 2010, both state that plaintiff has a right to be represented and that the social security could assist him in locating a representative. (R. 64 & 65). In addition, plaintiff was sent a letter by the ALJ dated January 26, 2010, which provides further information regarding plaintiff's right to representation and how to obtain it as well as a list of organizations he could contact to obtain legal representation. (R. 68-76).

What the record does not contain, however, is any *waiver* of plaintiff's right to representation. Although plaintiff signed the waiver of his right to appear at a hearing before the ALJ, he does not indicate on that form that he also is waiving his right to representation (R. 64) and there is no signed waiver of that right anywhere else in the record. Moreover, because there was no hearing, plaintiff never orally waived his right to counsel. Nor can the mere fact that plaintiff failed to obtain counsel after being advised of his right to representation be deemed an "effective waiver" of that right. Mayes, 190 Fed. Appx. at 186. Accordingly, this court finds that plaintiff did not knowingly and voluntarily waive his statutory right to representation.[3]

---

[3] Conversely, the court cannot find that plaintiff's waiver of his right to a hearing was not knowing and voluntary. The waiver of right to personal appearance form advised that plaintiff that a hearing would provide him with the opportunity to present written evidence, his own testimony and the testimony of witnesses, and that this opportunity to be seen and heard could be helpful to the ALJ in making a decision. (R. 64). Nevertheless, plaintiff indicated that he was waiving a hearing in order "to make the process go faster" and signed the form. Plaintiff's waiver was acknowledged in the "request for hearing summary" dated January 8, 2010. Although the ALJ sent plaintiff another letter dated January 26, 2010, to "explain the hearing process and things that you should do to prepare for the hearing" (R. 68), the court does not agree with plaintiff that this letter "nullified" his prior waiver.

AO 72
(Rev. 8/82)

Importantly, however, the mere fact that plaintiff was unrepresented by counsel is not alone sufficient for remand; rather, remand is appropriate only where "the lack of counsel prejudiced the claimant or ... the administrative proceeding was marked by unfairness due to lack of counsel." Livingston v. Califano, 614 F.2d 342, 345 (3d Cir. 1980); Mayes, 180 Fed. Appx. at 186. The court may find a proceeding unfair where the ALJ does not develop a complete record and the essential inquiry is whether "the incomplete record reveals evidentiary gaps which result in prejudice to the claimant." Gauthney v. Shalala, 890 F.Supp. 401, 410 (E.D.Pa. 1995).

Social Security proceedings are inquisitorial, not adversarial and, "it is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103 (2000). Moreover, it has long been established in this circuit that the ALJ has a heightened duty to develop the record and to hold full and fair hearings when a claimant is unrepresented. Livingston v. Califano, 614 F.2d 342 (3d Cir. 1980); Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979).

In fulfilling his duty to help a *pro se* claimant develop the record, the ALJ must scrupulously and conscientiously probe into, inquire of and explore for all the relevant facts. Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). Where the ALJ does not obtain a valid waiver of counsel, the burden is on the Commissioner to show that the ALJ adequately developed the record. Vivaritas, 264 Fed. Appx. at 158.

In this case, plaintiff argues that the ALJ did not exercise the heightened duty of care to develop the record that he owed to plaintiff as an unrepresented claimant, resulting in prejudice and unfairness in the administrative proceeding. Upon review of the record, the court agrees. Particularly troubling is the ALJ's failure to obtain records from plaintiff's chemotherapy treatments and a scheduled biopsy of which he was made aware prior to his decision.

The record contains a disability report completed by plaintiff and submitted on January 7, 2010. In this report, plaintiff notified the ALJ that he was being treated for bladder cancer by Dr. Ralph Miller and that his next appointment was scheduled for January 12, 2010, at which time he would begin chemotherapy. (R. 140). The report also indicates that he was scheduled for another bladder biopsy in March of 2010. (R. 141). Finally, in the remarks section of that report, plaintiff stated that "my condition limits the amount of time I can work during the week." (R. 143).

In addition, the ALJ was provided a report and medical source statement from Dr. Miller dated December 12, 2009, which also notes that plaintiff was scheduled for six-weeks of chemotherapy. Importantly, Dr. Miller reported that any side effects, current treatment and response and plaintiff's prognosis all are "to be determined." (R. 192).

The ALJ's decision makes clear that he was aware of both the disability report from plaintiff and Dr. Miller's medical source statement as he explicitly refers to both. (R. 50). Yet, despite having been made aware that plaintiff had been set to undergo six-weeks of chemotherapy treatment beginning in January of 2010, and had been scheduled for another biopsy in March of 2010, the ALJ made no effort to obtain treatment records or biopsy results prior to entering his decision on April 15, 2010.

The court believes that, at a minimum, the ALJ owed a duty to plaintiff as an unrepresented claimant to obtain those records and determine whether the effects of chemotherapy, or the results of the biopsy, would have any additional effect on plaintiff's ability to perform work-related functions, particularly where Dr. Miller had noted that medication side effects, current treatment and response and plaintiff's prognosis all "are to be determined" after plaintiff underwent

chemotherapy.[4]

The ALJ also made no attempt to schedule a consultative examination for plaintiff to determine whether plaintiff had any work-related functions, instead relying on Dr. Miller's statement that plaintiff had no limitations. However, as already noted, Dr. Miller made this determination prior to plaintiff's chemotherapy and biopsy. Finally, despite plaintiff's statement that his condition limits the amount of time he can work, the ALJ made no effort to ascertain from plaintiff in what way his condition limited his work-time.

Had plaintiff been represented by counsel, it is likely that counsel would have pursued these issues more doggedly. In any event, the ALJ owed a duty to plaintiff as an unrepresented claimant to probe into plaintiff's potential limitations in more detail, through a consultative examination if necessary, particularly when no hearing was held wherein plaintiff could have explained his problems in these areas in more depth.

Accordingly, the court finds that plaintiff's lack of counsel did result in procedural unfairness and prejudice, and remand is necessary to ensure plaintiff a full and fair administrative proceeding. On remand, the ALJ is to reconsider all of the medical evidence and consider whether plaintiff's impairments result in any functional limitations that should be incorporated into plaintiff's residual functional capacity assessment. If necessary, a consultative examination should

---

[4] The Commissioner suggests that the ALJ's acknowledgment of the fact that at the time of the decision plaintiff was continuing to undergo treatment and therefore limited him to medium work is sufficient to excuse the ALJ's failure to obtain the treatment records. However, the ALJ could not have known what the results or effects of plaintiff's treatment would be without the actual records of that treatment, as Dr. Miller himself noted that those effects and results were "to be determined." Plaintiff also cannot rely on a report from Dr. Miller dated February 1, 2010, that plaintiff apparently submitted to the Appeals Council, in which Dr. Miller again noted no limitations after chemotherapy had begun. Because this report was not before the ALJ, this court may not consider it in evaluating the ALJ's decision under the substantial evidence standard. The court further would note that the chemotherapy treatment was not complete at the time this report was generated and that it also pre-dates the biopsy scheduled for March of 2010.

be ordered in accordance with 20 C.F.R. §§404.1519, *et. seq.*, and 416.919, *et seq.* Plaintiff currently is represented by competent counsel, who presumably will be assisting plaintiff on remand. If, however, for any reason plaintiff would find himself unrepresented before the ALJ on remand, the ALJ must fulfill his duty to plaintiff as an unrepresented claimant to develop the record and hold a full and fair hearing on plaintiff's claim.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Christine M. Nebel, Esq.
220 South Main Street
Suite D
Butler, PA 16001

Christy Wiegand
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

AO 72
(Rev. 8/82)